IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN DOE, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 42 U.S.C. § 1983 COMPLAINT |
| | ) | FOR DECLARATORY AND |
| DOUG PETERSON, Attorney | ) | INJUNCTIVE RELIEF |
| General of the State of Nebraska, | ) | |
| in his official capacity; and JOHN | ) | |
| BOLDUC, Superintendent of Law | ) | |
| Enforcement and Public Safety for the | ) | |
| Nebraska State Patrol, in his official | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW Plaintiff, by and through undersigned counsel, and for his Complaint hereby states:

## PRELIMINARY STATEMENT

This is a Complaint for declaratory and injunctive relief arising out of the violation of Plaintiff's Constitutional rights. Plaintiff brings this case for violation of his rights under the Equal Protection Clause and the third prong of the Right to Travel arising from the Privileges or Immunities Clause, Section 1, Clause 2, of the Fourteenth Amendment and the Privileges and Immunities Clause, Article IV, Section 2, Clause 1 of the United States Constitution.

This action is brought pursuant to 42 U.S.C. § 1983 to challenge the constitutionality of the State of Nebraska applying the Sex Offender Registration Act,

1

Neb. Rev. Stat. § 29-4001 et seq. (SORA) and its public notification requirements to a an individual with a juvenile delinquency adjudication in another jurisdiction requiring non-public sex offender registration but not requiring juveniles adjudicated delinquent in Nebraska to register as sex offenders with corresponding public notification.

## JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States and is brought pursuant to Title 42 U.S.C. § 1983. Subject matter jurisdiction over the federal constitutional issues is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1332 and 1343. Jurisdiction supporting the claim for attorney fees and costs is conferred by 42 U.S.C. § 1988. This Court has jurisdiction to order injunctive and declaratory relief pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 1983.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff John Doe is eighteen years-old and a current resident of the State of Michigan.

4. Defendant Doug Peterson, Attorney General of Nebraska, is the authorized legal representative for the State of Nebraska and is responsible for the enforcement of laws and prosecution of crimes throughout the State. He is sued in his official capacity.

5. Defendant Colonel John Bolduc is the Superintendent of Law Enforcement and Public Safety for the Nebraska State Patrol. He is sued in his official capacity.

## CLAIMS FOR RELIEF

6. Plaintiff John Doe was charged in 2015 in a juvenile court in the State of Michigan with at least one violation of a sex-related criminal law.

7. At the date of the offense(s), Plaintiff John Doe was fifteen years-old.

8. Plaintiff John Doe was later found responsible for the sex-related offense(s) and committed to state wardship.

9. As a result of the foregoing, Plaintiff John Doe was required by the State of Michigan to register as a sex offender only on the non-public Michigan Sex Offender Registry.

10. Prior to July 27, 2018, Plaintiff John Doe made plans to enter and reside in the State of Nebraska and contacted the Nebraska State Patrol and confirmed that he would not have to register as a sex offender when he moved to the State of Nebraska due to the case of *A.W. by and through Doe v. State,* 865 F.3d 1014 (8th Cir. 2017).

11. An immediate family member of John Doe began a job in the State of Nebraska in July of 2018 and another immediate family member is enrolled in school in Nebraska. Members of John Doe's immediate family are presently residing in the

State of Nebraska after relocating from Michigan and are in the process of purchasing a house with intent to permanently reside in Nebraska.

12. John Doe intends to imminently reside in the State of Nebraska with his immediate family members but has not relocated from the Michigan to Nebraska due to the recent case of *State v. Clemens,* 300 Neb. 601 (Neb. 2018) and other federal court litigation on the issue of sex offender registration and corresponding public notification from juvenile adjudications.

13. The Nebraska State Patrol does not apply the Nebraska Sex Offender Registration Act ("SORA") and its public notification requirements to juveniles adjudicated delinquent of SORA-related offenses in Nebraska.

14. Registration as a sex offender with corresponding public notification via the Nebraska sex offender website results in a stigmatizing burden for juveniles adjudicated delinquent of a SORA-related offense.

15. Upon information and belief, the State of Nebraska will require Plaintiff John Doe to register as a sex offender with corresponding public notification via the sex offender website when he enters the State of Nebraska.

## INCORPORATION OF ALLEGATIONS

16. All of the allegations in each of the foregoing paragraphs are incorporated by reference into each of the following claims for relief as if fully set forth in each such claim.

## COUNT ONE
### Equal Protection

17. Defendants will violate Plaintiff's right to equal protection by applying SORA and its public notification requirements to Plaintiff, adjudicated delinquent of a SORA-related offense as a juvenile in Michigan, but not individuals adjudicated delinquent of a SORA-related offense as juveniles in Nebraska.

18. Plaintiff, with a juvenile adjudication of a SORA-related offense from a Michigan court, is similarly situated in all other respects to individuals with juvenile adjudications of SORA-related offenses from Nebraska courts.

19. Defendants will discriminate against Plaintiff solely because his juvenile adjudication of a SORA-related offense occurred outside of Nebraska.

20. There is not a compelling justification or interest for treating Plaintiff with a Michigan juvenile adjudication of a SORA-related offense without corresponding public notification differently from individuals with a Nebraska adjudication of a SORA-related offense without corresponding public notification.

21. Defendants' discriminatory practice of placing a stigmatizing burden on Plaintiff with a Michigan juvenile adjudication of a SORA-related offense but not individuals with a Nebraska juvenile adjudication of a SORA-related offense is not rationally related to a legitimate government aim.

## COUNT TWO
### Third Prong of the Right to Travel
### Privileges or Immunities and Privileges and Immunities

22. The application by Defendants of SORA and its public notification requirements to Plaintiff adjudicated delinquent in Michigan for a SORA-related offense but not individuals adjudicated delinquent in Nebraska for SORA-related offenses violates Plaintiff's right to enter and take up residence in Nebraska protected by the Privileges or Immunities and Privileges and Immunities Clauses of the U.S. Constitution.

23. Defendants' application of SORA and its stigmatizing burden to Plaintiff and not equally situated individuals violated Plaintiff's right to be treated equally in the state in which he seeks to immediately establish residence.

24. There is no justification to discriminate against Plaintiff by applying SORA and its stigmatizing burden to Plaintiff and not individuals with Nebraska juvenile adjudications for SORA-related offenses.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests the Court grant him relief as follows:

1. A declaration that Neb. Rev. Stat. § 29-4003(1)(a)(iv) and (b)(iii) as applied to Plaintiff is unconstitutional;

2. A permanent injunction prohibiting each Defendant from enforcing Neb. Rev. Stat. § 29-4003(1)(a)(iv) and (b)(iii) against Plaintiff;

3. Award reasonable attorneys' fees; and

4.      Other and further relief the Court deems just and equitable.

DATED: October 25, 2018

                        JOHN DOE, Plaintiff,

BY:     /s/ Joshua W. Weir (#23492)
        BLACK & WEIR LAW OFFICES, LLC
        1904 Farnam Street, Suite 425
        Omaha, NE 68102
        Phone: (402) 513-3650
        Facsimile: (844) 222-2417
        josh@joshweirlaw.com