IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN DOE I, JOHN DOE II, JOHN DOE III, and JOHN DOE IV, | ) ) ) | |
| Plaintiffs, | ) ) | 8:18CV507 |
| v. | ) ) | |
| DOUG PETERSON, Attorney General of the State of Nebraska in his official capacity, and JOHN BOLDUC, Superintendent of Law Enforcement and Public Safety for the Nebraska State Patrol, in his official capacity, | ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

I heard the parties through their counsel today on the question of whether a temporary restraining order should be issued. Primarily to maintain the status quo so that this matter may be fully and carefully considered, I will issue the requested temporary restraining order.

I find that the balance of the harms tips slightly in favor of Plaintiffs Does I, II and IV at this point in time but I express no opinion on the merits.[1] The Defendants desire to be more fully heard and understand that a temporary restraining order is a practical necessity if a wise decision is to be reached. That said, the Defendants do not consent to the entry of a temporary restraining order. Defendants do, however,

---

[1] Counsel for John Doe III moves to dismiss this matter without prejudice as it relates to him based upon representations from the Nebraska State Patrol that he will not be required to register. Defendants do not object to this dismissal. Accordingly, Doe III will be dismissed without prejudice.

consent, pursuant to Federal Rule of Civil Procedure 65(b)(2), that any temporary restraining order may remain effective until the issuance of a decision on the preliminary injunction request.

I also consulted with counsel about scheduling and briefing for the preliminary injunction hearing (which may, upon agreement of counsel, be consolidated with a trial on the merits). We arrived at agreement on such matters. Thanking counsel for their professionalism and civility,

IT IS ORDERED that:

1. Filing no. 17, the Emergency Motion for Temporary Restraining Order or Preliminary Injunction, is granted in part and in part held in abeyance consistent with this Order.

2. The Defendants, and all their agents, servants, employees (including County Attorneys) are temporarily restrained from enforcing Neb. Rev. Stat. § 29-4003(1)(a)(iv) and Neb. Rev. Stat. § 29-4003 (1)(b)(iii) against Does I, II and IV. This temporary restraining order shall remain effective until the issuance of a decision on the preliminary injunction request.

3. A hearing on the preliminary injunction request (which may, upon agreement of counsel, be consolidated with a trial on the merits) is set for Thursday, January 24, 2019, starting at 2:00 P.M. and concluding no later than 4:00 P.M. That hearing record may consist of stipulated facts, affidavits, witness testimony, or evidentiary exhibits *unless* counsel object and request a status conference as provided in paragraph 5 of this Order no later than January 18, 2019.[2]

---

[2]I reserve the right to exclude particular items of proffered evidence should I conclude at the preliminary injunction hearing that it is untrustworthy, lacks foundation or is not relevant.

4.     Initial briefs shall be jointly submitted no later than the close of business on January 18, 2019. Reply briefs shall be jointly submitted no later than the close of business on January 22, 2019.

5.     Counsel may request a status conference with me prior to the hearing on the preliminary injunction by contacting my judicial assistant, Kris Leininger, at 402.437.1640.

6.     John Doe III is dismissed without prejudice.

DATED this 9th day of January, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge