IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN DOE I, JOHN DOE II, JOHN DOE IV, and JOHN DOE V,<br><br>Plaintiffs,<br><br>vs.<br><br>DOUG PETERSON, Attorney General of the State of Nebraska, and JOHN BOLDUC, Superintendent of Law Enforcement and Public Safety for the Nebraska State Patrol, in their official capacities,<br><br>Defendants. | 8:18CV507<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiffs' motion to stay enforcement of judgment pending appeal (Filing 72). Having carefully considered the relative merits of Plaintiffs' motion and Defendants' opposition (Filing 74), I conclude Plaintiffs' motion should be granted pursuant to Federal Rule of Civil Procedure 62(d).

Rule 62(d) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). Four factors must be considered: (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether granting the stay would substantially harm the other parties, and (4) whether granting the stay would serve the public interest. *Org. for Black Struggle v. Ashcroft*, 978 F.3d 603, 607 (8th Cir. 2020) (citing *Brakebill v. Jaeger*, 905 F.3d 553, 557 (8th Cir. 2018) (citing *Hilton v. Braunskill*, 481 U.S. 770 (1987)).

While I have held in this case that SORA's registration and public notification requirements are not unconstitutional as applied to Plaintiffs, the Court of Appeals has stated that "the application of SORA and its public notification requirement to juveniles adjudicated delinquent in other jurisdictions but not Nebraska raises serious constitutional concerns under the right to travel and to equal protection of the laws." *A.W. by & through Doe v. Nebraska*, 865 F.3d 1014, 1020, n. 3 (8th Cir. 2017). Thus, the likelihood of Plaintiffs' success on appeal should not be discounted.

Second, I find Plaintiffs will suffer irreparable injury unless the temporary restraining order, which prohibits Defendants and all their agents, servants, and employees (including County Attorneys) from enforcing Neb. Rev. Stat. § 29-4003(1)(a)(iv) and Neb. Rev. Stat. § 29-4003 (1)(b)(iii) against Plaintiffs, remains in effect pending the appeal. These statutory provisions "impose a stigmatizing burden on juveniles adjudicated out of state while not doing so to juveniles adjudicated in Nebraska." *A.W. v. Peterson,* 8:14CV256, Doc. 69, at p. 3 (D. Neb. March 21, 2016) (Kopf, J.). Once Plaintiffs are placed on a sex offender registry, that bell cannot be unrung. Indeed, private entities capture the information on sex offender registries and it can be accessed well after an individual is no longer registered on a public registry.

Third, Defendants have not shown the State of Nebraska will be substantially harmed if Plaintiffs are not immediately required to register as sex offenders. After all, the temporary restraining order was in place for over two years, and at no time did Defendants request its dissolution or a hearing on a preliminary injunction.

Finally, it is in the public interest to keep Plaintiffs' names off the sex offender registry while they pursue their appeal. Defendants argue public safety will be jeopardized if these SORNA-compliant statutory provisions are not enforced, "by reopening the massive hole that allowed 'tens of thousands of sex offenders' to sneak through the 'gaps' in the prior registration system," but we are only talking about four individuals here. Defendants' argument rings especially hollow when one considers the Nebraska Legislature made a conscious decision to exempt juveniles

2

adjudicated delinquent in Nebraska from registration, even though such registration is mandated by SORNA.

Accordingly,

IT IS ORDERED that Plaintiff's motion to stay enforcement of judgment pending appeal (Filing 72) is granted, as follows:

1. The court's judgment (Filing 70) dissolving the temporary restraining order that was entered in favor of Plaintiff John Does I, II, and IV on January 9, 2019 (Filing 18), and in favor of Plaintiff John Doe V on March 20, 2019 (Filing 31), is hereby stayed pending resolution of Plaintiffs' appeal in this matter.

2. Plaintiffs shall not be required to post a bond pending resolution of their appeal.

Dated this 24th day of March, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge